UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff/Petitioner,<br><br>                      v.<br><br>GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., and VOICE OF GUO MEDIA, INC.,<br><br>                              Defendants/Respondents. | 22-mc-_____ |

**APPLICATION BY THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER PURSUANT TO SECTION 20(c) OF THE SECURITIES ACT OF 1933 TO ENFORCE COMPLIANCE WITH A COMMISSION ORDER**

Plaintiff-Petitioner United States Securities and Exchange Commission (the "Commission") applies to the Court for an orders pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act") to enforce compliance by Defendants-Respondents by GTV Media Group, Inc. ("GTV"), Saraca Media Group, Inc. ("Saraca," and together with GTV, the "G Entities"), and Voice of Guo Media, Inc. ("VOG") (collectively, "Defendants-Respondents") with the Commission's Order entered against Defendants-Respondents on September 13, 2021 ("Order"). The Defendants-Respondents consented to entry of the Order which imposed disgorgement, penalty, prejudgment interest, and a cease-and-desist order. But Defendants-Respondents have not paid what they owe in full. In support of its application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce its Order. The Order is attached to the Declaration of Maureen Peyton King in support of this Application ("King Decl.") at Ex. 1.

2. Defendants-Respondents have failed to satisfy the disgorgement order and civil penalties imposed upon them. King Decl. ¶6.

## PARTIES

3. **The Commission** is an agency of the United States Government. The Commission's principal office is located at 100 F Street, NE, Washington, DC 20549. The Commission's New York Regional Office is located at 100 Pearl Street, Room 20-100, New York, New York 10004.

4. **GTV** is a Delaware corporation based in New York, New York.

5. **Saraca** is a Delaware corporation based in New York, New York.

6. **VOG** is an inactive Arizona corporation that provided various support services, including translation services, to the G Entities.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction of this Application under Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c).

8. Venue lies in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v because Defendants-Respondents transacted business in this district during the relevant period.

**STATEMENT OF RELEVANT FACTS**

9. This proceeding involves violations of the Securities Act registration provisions by Defendants-Respondents. From approximately April 2020 through June 2020, Defendants-Respondents generally solicited thousands of individuals to invest in an offering of GTV common stock (the "Stock Offering"). During the same period, the G Entities solicited individuals to invest in their offering of a digital asset security that was referred to as either G-Coins or G-Dollars (the "Coin Offering"). As a result of these two unregistered securities offerings, whose proceeds were commingled, Defendants-Respondents collectively raised approximately $487 million from more than 5,000 investors, including individuals in the United States, through approximately July 2020.

10. Defendants-Respondents consented to a Cease and Desist Order. Ex. 1.

11. Defendants-Respondents settled charges that they violated Securities Act Sections 5(a) and (c), which prohibit the direct or indirect sale or offer for the sale of securities unless a registration statement is filed or in effect. King Decl. Ex. 1.

12. Defendants-Respondents were required to pay the disgorgement, prejudgment interest and penalty ordered within 14 days of entry of the Order dated September 13, 2021.

13. Specifically, the Order required GTV and Saraca, within 14 days of the entry of the Order, to pay, jointly and severally, disgorgement of $434,134,141, and prejudgment interest of $15,776,488. The Order also required GTV and Saraca each, within 14 days of the entry of this Order, to pay a civil penalty of $15,000,000. The Order required VOG, within 14 days of the entry of the Order, pay disgorgement of $52,610,922, prejudgment interest of $1,911,877, and a civil penalty of $5,000,000. King Decl. Ex. 1.

14. Defendants-Respondents have not satisfied the Order in full. As of April 1, 2022, GTV owes $62,869,220.96, Saraca owes $62,872,508.63 and VOG owes $6,998,304.91. King Decl. 6.

## ARGUMENT

15. The Commission brings this proceeding pursuant to the applicable sections of the securities laws, here, Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), which grants the district court the authority to enter an order compelling compliance with the Commission's Order.

16. Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

> Upon application of the Commission, the district courts of the United States and the United States Courts of any Territory shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof.

17. Proceedings under the Securities Act are akin to their counterparts under the Securities Exchange Act of 1934 and, therefore, are summary in nature. *See e.g., SEC v. Lynch*, 19-mc-1231 (E.D.N.Y. 2019) (commencing summary proceeding pursuant to Securities Act 20(c) and Exchange Act 21(e)); *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

18. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

19. These summary proceedings are commenced by service of an Order to Show Cause and the application, rather than by service of a summons and a complaint. *See, e.g., SEC v. S.W. Hatfield, CPA, and Scott Hatfield, CPA,* 3:18-mc000004-M (N.D.TX 2018) (initiated with an Order to Show Cause); *SEC v. Gerasimowicz*, 9 F. Supp.3d 378 (S.D.N.Y. March 25, 2014); *SEC v. Coronati*, 2016 WL 6462261 (E.D.N.Y. Nov. 1, 2016) (initiated with an Order to Show Cause).

WHEREFORE, the Commission respectfully requests:

## I.

That the Court enter an Order to Show Cause, pursuant to Section 20(c) of the Securities Act, directing the Defendants-Respondents to show cause why this Court should not enter an order enforcing their compliance with the Orders.

## II.

That the Court thereafter enter Judgment enforcing the Orders and requiring:

a. GTV to pay the balance of disgorgement, prejudgment interest and penalty he owes;

b. Saraca to pay the balance of disgorgement, prejudgment interest and penalty he owes;

c. Guo to pay the balance of disgorgement, prejudgment interest and penalty he owes;

d. each to pay applicable interest pursuant to 17 C.F.R. § 201.600 and 31 U.S.C. § 3717 from the date of the 2021 Order; and

e. each to cease and desist from committing or causing violations or any future violations of Sections 5(a) and (c) of the Securities Act.

**III.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**IV.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3015, 3201 - 3308.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

**VI.**

That the Court order such other and further relief as may be just and proper.

Dated:   Wantagh, New York
         May 16, 2022

                              s/ *Maureen Peyton King*
                              Attorney for Plaintiff
Of Counsel:                   SECURITIES AND EXCHANGE
Judith A. Weinstock           COMMISSION
Marsha C. Massey              New York Regional Office
                              100 Pearl Street, Suite 20-100
                              New York, NY 10004
                              Tel.: 212-336-0111 (King)
                              E-mail: kingmp@sec.gov
                              Fax: 212-336-1345