USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/22/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                             Plaintiff/Petitioner,

         v.

SARACA MEDIA GROUP, INC.,

                             Defendant/Respondent

22-mc-138 (AT)

## JUDGMENT CONVERTING THE COMMISSION'S ORDER TO A JUDGMENT

Plaintiff Securities and Exchange Commission (the "Commission") having applied to this Court pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), to convert to a Judgment a Commission Order dated September 13, 2021, which among other things, directed Saraca Media Group, Inc. ("Saraca"), jointly and severally, to disgorge $434,134,141, and prejudgment interest of $15,776,488 and to pay a civil penalty of $15,000,000, and it appearing that such application should be granted,

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that** the Commission's application is GRANTED.

### II.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Saraca shall cease and desist from committing or causing violations or any future violations of Sections 5(a) and (c) of the Securities Act.

III.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), Saraca shall comply with the Commission Order by paying to the Commission the disgorgement, prejudgment interest and civil money penalty still owed, $63,053,047.95 as of May 3, 2022, and applicable interest pursuant to SEC Rule of Practice 600, 17 C.F.R. §201.600, and 31 U.S.C. § 3717 within 30 days.

IV.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Payment may be made electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request made to Disgorgement-Penalty@sec.gov.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at https://www.sec.gov/paymentoptions.  Saraca may also pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment.  The funds may be hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

Payments must be accompanied by a cover letter identifying Saraca as the Defendant in this action, and the name of this Court and the docket number of this action.  A copy of the cover letter and payment confirmation must be sent to Maureen Peyton King, Securities and Exchange Commission, New York Regional Office, 100 Pearl Street, Suite 20-100, New York, NY 10004.

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

Civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the SEC's Order Instituting Proceedings.

**V.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Application are true and admitted by Saraca, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Saraca under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

SO ORDERED.

Dated: June 22, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge