UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/22/2022
```

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff/Petitioner,

v.

VOICE OF GUO MEDIA, INC.,

                      Defendant/Respondent.

No. 22 Misc. 138 (AT)

**ORDER**

      The Court has reviewed the request of Plaintiff/Petitioner, the Securities and Exchange Commission (the "SEC"), to serve Defendant/Respondent, Voice of Guo Media, Inc. ("VOG"), through alternative means of service—specifically email. ECF No. 13. The SEC represents that it has made several attempts to serve VOG through its prior counsel, and through a process server on VOG's registered agent, to no avail. *Id.* at 1.

      Service of summons is governed by Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), and the New York State Civil Practice Law and Rules ("CPLR"). CPLR § 311(b) permits service upon a corporation in such manner as the court directs if service by personal delivery is impracticable. "Though the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of due diligence under [N.Y] C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Kesten v. Broad. Music, Inc.*, No. 20 Civ. 8909, 2021 WL 1740806, at *1 (S.D.N.Y. Mar. 3, 2021) (quotation marks omitted) (alteration in original). And, due process requires only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Appel v. Hayut*, No. 20 Civ. 6265, 2021 WL 2689059, at *6 (S.D.N.Y. June 30, 2021).

      Where "service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (quotation marks omitted). The SEC has put forth evidence indicating that other federal courts have recently permitted alternative service on VOG at the email addresses it seeks to serve. *See* ECF No. 13 at 1–2; *see also Sun v. GTV Media Grp., Inc.*, No. 21 Civ. 4529, ECF No. 25 (S.D.N.Y. Jul. 15, 2021). VOG is likely to receive any documents served through these email addresses.

      Accordingly, the Court GRANTS the SEC's request to serve VOG through email at the following addresses: sarawei808@gmail.com, sarawei@protonmail.com, vog202064@protonmail.com, vog202064@gmail.com, help@vog.media, and

duizhang@vog.media.  The SEC shall serve a copy of this order, and the Court's prior orders at ECF Nos. 5, 10 and 12, on each of these email addresses, by **June 24, 2022**, and shall file proof of service on the docket by **June 27, 2022**.

In addition, the Court shall *sua sponte* extend VOG's time to respond to the Order to Show Cause, ECF No. 5, to **July 21, 2022**.  The SEC shall file any reply by **July 28, 2022**.  The show cause hearing scheduled for July 27, 2022, is ADJOURNED to **September 7, 2022**, at **10:00 a.m.**

SO ORDERED.

Dated: June 22, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge